TRINETTE G. KENT (State Bar No. 025180)
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone:  (480) 247-9644
Facsimile:  (480) 717-4781
E-mail: tkent@lemberglaw.com

Of Counsel to
Lemberg Law, LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT  06905
Telephone:  (203) 653-2250
Facsimile:  (203) 653-3424

Attorneys for Plaintiff,
Donna Heath

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Donna Heath, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| NRA Group, LLC, | |
| Defendant. | **JURY TRIAL DEMANDED** |

Plaintiff, Donna Heath (hereafter "Plaintiff"), by undersigned counsel, brings the following complaint against NRA Group, LLC (hereafter "Defendant") and alleges as follows:

## JURISDICTION

1.      This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.      Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district and/or where Defendant transacts business in this district.

## PARTIES

4.      Plaintiff is an adult individual residing in Page, Arizona, and is a "person" as defined by 47 U.S.C. § 153(39).

5.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.      Defendant is a business entity located in Harrisburg, Pennsylvania, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

7.      Defendant uses instrumentalities of interstate commerce or the mails in a business the principle purpose of which is the collection of debts and/or regularly collects or attempts to collect debts owed or asserted to be owed to another, and is a "debt collector" as defined by 15 U.S.C.§ 1692a(6).

2

## ALLEGATIONS APPLICABLE TO ALL COUNTS

8.    Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed to a creditor other than Defendant.

9.    Plaintiff's alleged obligation arises from a transaction in which property, services or money was acquired on credit primarily for personal, family or household purposes, is a "debt" as defined by 15 U.S.C. § 1692a(5).

10.    At all times mentioned herein where Defendant communicated with any person via telephone, such communication was done via Defendant's agent, representative or employee.

11.    In or around October of 2014, Defendant began calling Plaintiff in an attempt to collect a debt, often placing multiple calls per day.

12.    On or about December 18, 2014, Defendant called Plaintiff's husband and threatened legal action against Plaintiff.

13.    On or about December 18, 2014, Defendant, for a purpose other than to obtain location information, called Plaintiff's minor daughter and requested that Plaintiff return the call.

14.    When Plaintiff returned Defendant's call, Defendant's agent misrepresented that he was a process server and threatened legal action against Plaintiff if immediate payment was not made.

3

15.     Upon information a belief, the alleged underlying debt is more than six years old and Defendant would be time-barred from bringing legal action pursuant to the applicable statute of limitations.

16.     Based upon Defendant's misrepresentations and to avoid further harassment, Plaintiff agreed to settle the alleged debt and submitted a partial payment to Defendant.

17.     In the days that followed, Defendant continued to call Plaintiff in a harassing manner and made additional threats to bring legal action if the remaining balance was not paid.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, *et seq.*

18.     Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

19.     The FDCPA was passed in order to protect consumers from the use of abusive, deceptive and unfair debt collection practices and in order to eliminate such practices.

20.     Defendant attempted to collect a debt from Plaintiff and engaged in "communications" as defined by 15 U.S.C. § 1692a(2).

21.    Defendant communicated with a person other than Plaintiff, Plaintiff's attorney, or a consumer-reporting agency regarding Plaintiff's alleged debt, in violation of 15 U.S.C. § 1692c(b).

22.    Defendant engaged in conduct, the natural consequence of which was to harass, oppress, or abuse Plaintiff, in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

23.    Defendant caused Plaintiff's phone to ring or engaged Plaintiff in telephone conversations repeatedly or continuously, with the intent to annoy, abuse and harass Plaintiff, in violation of 15 U.S.C. § 1692d(5).

24.    Defendant used false, deceptive, or misleading representations or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e.

25.    Defendant misrepresented the character, amount or legal status of the alleged debt, in violation of 15 U.S.C. § 1692e(2)(A).

26.    Defendant, without intending to take such action, represented and/or implied that nonpayment of the alleged debt would result in garnishment of Plaintiff's wages or attachment of Plaintiff's property, in violation of 15 U.S.C. § 1692e(4).

27.    The foregoing acts and/or omissions of Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

28.    Plaintiff has been harmed and is entitled to damages as a result of Defendant's violations.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant for:

    A.  Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

    B.  Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

    C.  Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C.

        § 1692k(a)(3);

    D.  Punitive damages; and

    E.  Such other and further relief as may be just and proper.


**TRIAL BY JURY DEMANDED ON ALL COUNTS**


DATED:  June 9, 2015               TRINETTE G. KENT

                              By:  */s/  Trinette G. Kent*
                              Trinette G. Kent, Esq.
                              Lemberg Law, LLC
                              Attorney for Plaintiff, Donna Heath